## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**MELVIN SMITH, JR.**                                          **PLAINTIFF**

**v.**                          **No. 4:20-cv-489-DPM**

**LESLIE RUTLEDGE,**
**Attorney General, State of**
**Arkansas**                                          **DEFENDANT**

### ORDER

1.      Smith's application to proceed *in forma pauperis, Doc. 1*, is granted.  He has little income and few assets.

2.      The Court must screen his complaint.  28 U.S.C. § 1915(e)(2). It echoes a case dismissed last month for failure to state a claim.  *Smith v. Rutledge*, No. 4:20-cv-134-BSM, *Doc. 2, 5, & 6*.  There, Smith alleged he was wrongfully sentenced under Arkansas's Fair Sentencing of Minors Act of 2017.  Because he did not allege he was younger than eighteen when he committed first degree murder, or that he was denied a parole hearing, Judge Miller dismissed the case.  *Doc. 5*.  Smith has refiled that claim filling those gaps.

3.      *Miller v. Alabama*, 567 U.S. 460 (2012) invalidated life sentences without parole for juveniles.  Arkansas passed the Fair Sentencing of Minors Act in response.  Smith was paroled under this 2017 Act.  *Doc. 2 at 4*.  While he presents multiple claims, Smith seeks

one thing:  monetary damages for being held beyond what he believes was his maximum release date and for self-calculated good-time.  This is, in essence, a due process claim.  He first sought this kind of damages almost twenty years ago, as part of a case seeking parole.  *Smith v. Norris*, 40 Fed. App.'x 305 (8th Cir. 2002), affirming *Smith v. Norris*, No. 5:02-cv-2-SWW, *Doc. 2*.

Smith relies on Arkansas Act 93 of 1977 to calculate his estimated parole eligibility date and earned good-time credit.  That Act provided that persons sentenced to life imprisonment for felonies committed after April 1, 1977 were not parole eligible; they could serve a shorter sentence only if the Governor pardoned them or commuted their sentence.  ARK. CODE ANN. § 16-93-604(b)(1).  The Fair Sentencing of Minors Act eliminated this pardon/commutation requirement, making Smith, who committed first-degree murder on June 21, 1977, parole eligible.  *Smith v. Rutledge*, No. 4:20-cv-134-BSM, *Doc 2 at 7*.  The fact that Smith was paroled, however, doesn't entitle him to damages. There is no right to parole under the U.S. Constitution.  *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). In general, Arkansas's parole statutes do not create an absolute right to parole.  *Pittman v. Gaines*, 905 F.2d 199, 201 (8th Cir. 1990).  Arkansas's post-*Miller* statutory changes simply moved Smith into a group whose members could be considered for parole.  Smith's complaint, therefore,

fails to state a federal due process claim.  *Snodgrass v. Robinson*, 512 F.3d 999, 1003 (8th Cir. 2008).  It will be dismissed without prejudice.

    **4.**    The Court certifies that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

    So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_____
28 May 2020